IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWAN J. ENGLISH, | ) | 8:16CV427 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| v. | ) | AND ORDER |
| | ) | |
| METHODIST HEALTHCARE | ) | |
| SYSTEM; DARREN KEISER, MD; | ) | |
| SEAN BIGLER, PA; PHYSICIANS | ) | |
| CLINIC; TIME WARNER CABLE | ) | |
| (CHARTER COMMUNICATIONS); | ) | |
| ESIS AGL SOUTH CENTRAL HUB | ) | |
| (ESIS CENTRAL WC CLAIMS); | ) | |
| KELLY HEMAM, ESIS Supervisor | ) | |
| Claims Adjuster; and KIMBERLY | ) | |
| STINE, ESIS Claims Adjuster, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Lawan English, filed this case on September 9, 2016. She has been granted leave to proceed in forma pauperis. The court now conducts an initial review of English's complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.  SUMMARY OF COMPLAINT

English claims that Defendants, Methodist Health Care System, Darren Keiser, MD, Sean Bigler, PA, Physicians Clinic, Time Warner Cable, ESIS, Kelly Henam, and Kimberly Stine,[1] "conspired to defraud the Plaintiff ... out of benefits & workers

---

[1] Methodist, Keiser, Bigler, and Physicians Clinic are also named as defendants in Case No. 8:16CV426, a related action that was filed by English on the same date as the instant action. Time Warner Cable and ESIS were named as defendants in a

compensation settlement due to work injury on 5-7-2015." (Complaint (Filing No. 1), p. 4) English's "statement of claim" (Complaint, p. 6) appears identical to the statement filed in Case No. 8:16CV426, except that the second and third pages are missing. The attached documents (Complaint pp. 8-79) also appear identical to the attachments filed in Case No. 8:16CV426, except that another two pages are missing. Other differences between the two cases are that the complaint in the instant action (1) names four additional defendants, (2) is missing form page 3 in which the plaintiff is required to explain the basis for jurisdiction, and (3) includes an insert (Complaint, p. 5) listing numerous of federal statutes which presumably form the basis of the action.

## II.  STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The court also has an independent obligation to consider its subject matter jurisdiction where there is a reason to suspect that such jurisdiction is lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *Bacon v. Neer*, 631 F.3d 875, 877 (8th Cir. 2011).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

previously filed action, Case No. 8:15CV458, which was dismissed for lack of prosecution on May 12, 2016.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Subject-matter jurisdiction is proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith,* 784 F.2d 323, 325 (8th Cir.1986). The mere suggestion of a federal question is not sufficient to establish the jurisdiction of federal courts, rather, the federal court's jurisdiction must affirmatively appear clearly and distinctly. *Bilal v. Kaplan,* 904 F.2d 14, 15 (8th Cir.1990).

Subject-matter jurisdiction may also exist under 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction, if "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.,* 263 F.3d 816, 819 (8th Cir.2001) (citation omitted). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a).

## III.  DISCUSSION

In Case No. 8:15CV426, English claims federal question jurisdiction exists because her claim arises under 18 U.S.C. § 371 (criminal conspiracy) and 31 U.S.C. § 3729 (False Claims Act). As explained in a memorandum and order entered today in that case, these federal statutes do not provide English with a right of action or have any applicability to her claims. In the instant action, English again references these

statutes and cites additional sections of the False Claims Act. More federal criminal statutes are cited by English in the instant action, including 18 U.S.C. §§ 287, 1001, 1002, 1027, 1028, 1033-35, 1347, and 1957 (Complaint, p. 5), but they do not provide a legitimate basis for the court to exercise subject-matter jurisdiction over this matter.

Although English has not alleged diversity of citizenship, the court notes that in Case No. 8:16CV426, the complaint shows English and the four Defendant health care providers are all Nebraska citizens. And, as in that case, the allegations of the complaint in the instant action also do not show that the amount in controversy exceeds $75,000.00.

Even if the court could exercise subject-matter jurisdiction, the allegations of the complaint are not sufficient to state a claim for fraud against any Defendant. The complaint is conclusory and incomprehensible, and the attachments fail to shed any light on the factual or legal basis for English's claims against these Defendants.

On the court's own motion, English shall have 30 days in which to amend her complaint in order to clearly set forth the basis for this court's jurisdiction and to set forth sufficient facts to state a claim upon which relief can be granted against each Defendant. If English fails to do so, this matter will be dismissed without further notice. The court reserves the right to conduct further review of the amended complaint should Plaintiff choose to file one.

IT IS THEREFORE ORDERED that:

1.      Plaintiff shall have 30 days to amend her complaint to clearly set forth the basis for this court's jurisdiction and to set forth sufficient facts to state a claim upon which relief can be granted against each Defendant. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and

Order.

2.    In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current complaint (Filing No. 1) and any new allegations, but shall not be required to refile the attachments to the current complaint. Failure to consolidate all claims into one document may result in abandonment of claims.

3.    The clerk's office is directed to set a pro se case management deadline using the following text: Check for amended complaint on November 3, 2016, and dismiss if none filed.

DATED this 3rd day of October, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge